UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDALL WILLIS** | * | |
| **Plaintiff** | * | **CIVIL ACTION NO. 17-6199** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **FIRST EMANUEL HOMES OF** | * | **JURY DEMAND** |
| **NEW ORLEANS, A LIMITED** | * | |
| **PARTNERSHIP, A LOUISIANA** | * | |
| **PARTNERSHIP IN COMMENDAM** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

1. This is an action to halt and seek redress from the unlawful treatment and discrimination Defendant implemented in its business practices.

2. The Federal Fair Housing Act, 42 U.S.C.A. §§ 3601-3631, placed an affirmative duty on Defendant to provide reasonable accommodations for disabled tenants.

3. The Louisiana Civil Code Article 2322 requires building owners be answerable for damages caused by neglect to repair the building, or alternatively, when the damage is the result of a vice or defect in the building's original construction.

4. Louisiana Civil Code Articles 2696 and 2699 provide that there is an implied warranty against vices and defects on the leased property, exclusive of any unambiguous waiver of said warranty.

5. Despites these mandated protections and statutes, Defendant violated Plaintiff's rights and the law.

## PARTIES

6. Plaintiff, Kendall Willis, is a natural person of the age of majority, domiciled in the Parish of Orleans, State of Louisiana, who was a previous tenant at 1711 St. Andrew Street, #2B, New Orleans, Louisiana, 70113;

7. Defendant herein is First Emanuel Homes of New Orleans ("First Emanuel"), a Limited Partnership, a Louisiana Partnership in Commendam, and a Louisiana Limited Liability Partnership, doing business in the State of Louisiana;

8. Defendant is a Louisiana corporation doing business in the state. It can be served with process through its officer, First Emanuel Baptist Church, at 1829 Carondelet Street, New Orleans, Louisiana, 70130.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. This is a Court of proper venue because First Emanuel registered office is in this Parish. La. C.C.P. art. 42(2).

11. Venue is also proper under Louisiana Code of Civil Procedure Article 73 because both Plaintiff and Defendant are domiciled in this parish and a material portion of the events occurred in this Parish;

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogrees, representatives, and insurers;

13. At all times relevant hereto, Plaintiff leased the residential property at 1711 St. Andrew Street, #2B, New Orleans, Louisiana, 70113 from Defendant;

14. Plaintiff had a contractual lease with Defendant and was a residential tenant for numerous years;

15. In November 2014 and January 2015, Plaintiff notified Defendant times that his disability requires his residence be free from carpeting to prevent him from falling and respectfully requested the carpet in his apartment be removed and/or Defendant make reasonable accommodations without carpeting;

16. Plaintiff provided numerous doctor's notes to demonstrate proof of disability;

17. Defendant ignored both these requests;

18. Again, in May 2016, Defendant sent a letter to Defendant's agent Ronnie Turner, the then property manager, asking when his requests for carpet removal would be accommodated and again provided supporting medical information;

19. Again, Defendant ignored Plaintiff's request;

20. On or about May 15, 2015, Plaintiff wrote Defendant informing Defendant and requesting Defendant attend to the hazardous electrical condition within his apartment. Plaintiff explained he was experiencing an issue with one of the wall outlets, which sparked and emitted electrical shocks whenever it was touched and/or moved;

21. Plaintiff requested the hazardous electrical problems be addressed by Mr. Turner and/or the building's maintenance department;

22. The letter specifically mentioned Plaintiff's concern that this malfunctioning outlet would cause an electrical shock and/or fire and that he feared for his safety;

23. Plaintiff received no response to this communication and no repairs were made to the malfunctioning outlet;

24. Plaintiff then hired Mr. Peter Theis of the Greater New Orleans Fair Housing Action Center to assist him in dealing with Defendant;

25. On June 23, 2016, Mr. Theis contacted Defendant on Plaintiff's behalf regarding Defendant's failure to comply with the Fair Housing Act and its refusal to make reasonable accommodations for Plaintiff's disability;

26. Plaintiff again followed up with this request on July 5, 2016 when Defendant failed to reply to any and all of these communications. Still, Defendant failed to remove the carpet or alternatively relocate Plaintiff to a unit without carpeting;

27. On or about November 22, 2016, Plaintiff's apartment was destroyed by an electrical fire;

28. All of the damage to Plaintiff's property was caused by the electrical fire which occurred at the property through no fault or negligence of the Plaintiff;

29. After the fire destroyed Plaintiff's apartment, the fire was treated by the New Orleans Fire Department. Plaintiff purchased a copy of the subsequently produced fire report which states: "An investigation was conducted of the fire and the fire showed to be an electrical overload fire."

30. The report also revealed that the residence contained no working smoke alarms;

31. When Plaintiff attempted to renew his lease Defendant refused and provided no reason for doing so;

## COUNT I: VIOLATIONS OF THE FAIR HOUSING ACT

32. Under 42 U.S.C.A. §§ 3601-3631, housing providers have an affirmative duty to provide reasonable accommodations for disabled tenants;

33. Defendant was unreasonable in its failure to make reasonable accommodations for Plaintiff's disability by either removing carpet or relocating him to a unit without carpet;

34. Defendant also unreasonably failed to respond to any communications regarding these accommodations;

35. Plaintiff was forced continue living in a carpeted unit despite repeated requests and after he provided medical documents which proved this to be a dangerous condition given his disability;

36. Defendant's actions are in direct violation of the Fair Housing Act;

### COUNT II: VIOLATIONS OF LOUISIANA CIVIL CODE ARTICLE 2322

37. Louisiana Civil Code Article 2322 requires building owners be answerable for damages caused by neglect to repair the building, or alternatively, when the damage is the result of a vice or defect in the building's original construction;

38. As the owner and property manager of Plaintiff's apartment at 1711 St. Andrew Street #2B, New Orleans, Louisiana 70113, Defendant is responsible for the maintenance and upkeep of the building;

39. Defendant is further liable for any negligent maintenance and/or failure to repair anything which later is shown to be the cause of damage to Plaintiff;

40. Plaintiff specifically notified Defendant on multiple occasions of the problematic outlet: the same outlet that subsequently caused the electrical fire that destroyed Plaintiff's property;

41. Defendant is liable to Plaintiff for negligent maintenance of the property and the subsequent damages this neglect and negligence caused Plaintiff;

### COUNT III: VIOLATIONS OF LOUISIANA CIVIL CODE ARTICLES 2696 AND 2699

42. Louisiana Civil Code Articles 2696 and 2699 provide that there is an implied warranty against vices and defects on the leased property, exclusive of any unambiguous waiver of said warranty;

43. Liability attaches to the lessor, despite whether he had knowledge of the defect or not;

44. There is no waiver within the lease between Plaintiff and Defendant;

45. Defendant's actions constitute a breach of LA. C.C. articles 2696 and 2699;

## JURY TRIAL REQUEST

46. Plaintiff hereby notifies the Court and Defendant of his intent to seek a trial by jury in this matter.

## REQUEST FOR RELIEF

**FIRST EMANUEL**, for all reasons described herein and otherwise, failed to fulfill its obligation under the contractual lease, and is therefore liable unto the Plaintiff for the following reasons, to-wit:

a. Failing to provide reasonable accommodations for Plaintiff's disability;

b. Negligent maintenance/repair of the property;

c. Breach of implied warranty;

**WHEREFORE**, Plaintiff prays that, after due proceedings are had in this matter, there be a judgment in favor, and against Defendant, **FIRST EMANUEL**, for all damages sustained as a result of these incidents together with legal interest thereupon from the date of judicial demand along with all costs and attorneys' fees arising out of the prosecution of this matter, all in an amount reasonable in the premises and to all other relief to which he may be entitled as well as the following relief:

a. Compensatory and consequential damages, including those for emotional distress against Defendant;

b. Punitive damages against Defendant;

c. Pre-judgment and post-judgment interest at the highest lawful rate;

d.  Attorney's fees and costs of this action;

e.  Any such further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED:

/s/ Sarah M. Kalis
Galen M. Hair, La Bar. No 32865
Sarah M. Kalis, La. Bar No. 37186
**Scott Vicknair Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, LA 70112
Phone: (504) 684-5200
Fax: (504) 613-6351

**PROPOSED SUMMONS WILL BE FILED WITH SUIT**