UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDALL WILLIS** | * | |
| **Plaintiff** | * | **CIVIL ACTION NO. 17-6199** |
| | * | |
| **VERSUS** | * | **JUDGE LEMELLE** |
| | * | |
| **FIRST EMANUEL HOMES OF** | * | **MAG JUDGE ROBY** |
| **NEW ORLEANS, A LIMITED** | * | |
| **PARTNERSHIP, A LOUISIANA** | * | **JURY DEMAND** |
| **PARTNERSHIP IN COMMENDAM** | * | |
| **Defendant** | * | |

## PLAINTIFF'S STATEMENT OF GENUINELY DISPUTED MATERIAL FACTS

**NOW INTO COURT,** comes Plaintiff, KENDALL WILLIS, who, in support of his Opposition to the Partial Summary Judgment filed by Defendant, FIRST EMANUEL HOMES OF NEW ORLEANS, A LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM ("First Emanuel"), represents the following material facts which he contents are in dispute:

1. Plaintiff filed his Complaint on June 27, 2017;[1]

2. Defendant violated the Fair Housing Act (42 U.S. 3613) on numerous occasions, not limited to in November 2104 and January 2015, when it received notice of Plaintiff's need for a reasonable accommodation in light of his disability;

3. Defendant was repeatedly put on notice of Plaintiff's need for a reasonable housing accommodation, the last date of notification in writing being July 5, 2016;

4. Defendant failed to coordinate with Plaintiff to schedule the removal of the carpet in Plaintiff's unit at 1711 St. Andrew Street, #2B, New Orleans, LA 70113;

---

[1] In Defendant's Statement Undisputed Facts, it agrees that suit was filed on this date. *R. Doc. 45-2*. However, in it's Memorandum in Support of Motion for Partial Summary Judgment, Defendant twice alleges that suit was filed June 26, 2017. *R. Doc. 45-1*. This fact is thus included in an abundance of caution.

5. Defendant was required to pay for any moving/storage expenses associated with this carpet removal/disability accommodation;

6. Defendant had an obligation under the Fair Housing Act to reasonably accommodate Plaintiff based on his disability;

7. Defendant had an obligation under the Fair Housing Act and the Joint Statement on Reasonable Modifications to bear the costs of storage and/or moving costs of Plaintiff's property during the reasonable modification;

8. Defendant failed to reasonably accommodate Plaintiff based on his disability, at minimum, in November 2014, January 2015, November 2015, May 2016, June 2016, and July 2016;

9. Defendant violated the Fair Housing Act by failing to accommodate Plaintiff's disability in November 2014, January 2015, November 2015, May 2016, June 2016, and July 2016.

**RESPECTFULLY SUBMITTED:**

/s/      Sarah M. Kalis
Galen M. Hair, T.A., LSBA No. 32865
Sarah M. Kalis, LSBA No. 37186
John E. Bicknell, Jr., LSBA No. 36802
**Scott, Vicknair, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, LA 70112
T: (504) 684-5200
F: (504) 613-6351

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record by U.S. Mail, by CM/ECF notification this 8th day of May, 2018.

_____/s/ Sarah M. Kalis_____
Sarah M. Kalis, Esq.