## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KENDALL WILLIS                                    CIVIL ACTION

VERSUS                                            NO. 17-6199

FIRST EMANUEL HOMES OF NEW ORLEANS                SECTION "B"(4)

### ORDER AND REASONS

Before the Court is Defendant First Emanuel Homes of New Orleans' "Partial Motion for Summary Judgement" ("Defendant") (Rec. Doc. 45) and Plaintiff Kendell Willis' "Response in Opposition" ("Plaintiff") (Rec. Doc. 46). Also before the Court is Defendant's Motion for Leave to File Reply and Plaintiff's Motion for Leave to File *Sur-reply*, Rec. Docs. 49 and 52, respectively.

**IT IS ORDERED** that the above-mentioned Motions for Leave to File Reply and Sur-Reply (Rec. Docs. 49 and 52) are **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 45) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff leased a property owned by the Defendant, at 1711 Street, Apartment B, New Orleans, Louisiana, 70113 (the "Property"). *See* Rec. Docs. 1 and 13. Prior to initiating the instant action, Plaintiff alleges that he attempted to contact Defendant on numerous occasions regarding various repairs and/or

maintenance to be had on the Property—including the removal of carpet and fixing electrical wiring issues. Rec. Doc. 1.

The underlying claims of this case involve allegations of discrimination and unlawful treatment by the Defendant while Plaintiff was a tenant on the Property.[1] In particular, Plaintiff's Complaint alleges that on November 20, 2014, Plaintiff sent his first written request to Defendant regarding the de-installation of the carpeted floor in his apartment based on his medical disability. Rec. Docs. 1, 46-2. Defendant was allegedly unresponsive to said letter. Rec. Doc. 1 and 46. On January 28, 2015, Plaintiff wrote a second letter that was also allegedly ignored by Defendant. See Rec. Doc. 46-9.

Sometime between January 2015 and November 2015, Plaintiff and Defendant had a verbal conversation regarding the removal of the carpeted floors in Plaintiff's unit. Rec. Doc. 46 at 2. Following up this conversation, Plaintiff sent a third letter to Defendant. Rec. Doc. 46-4. Allegedly, there was an issue with Plaintiff's ability to move and/or storage his belongings during installation of new flooring in the unit. *Id*.

On May 18, 2016, Plaintiff sent another letter to Defendant referencing his prior requests for accommodation of his disability and removal of the carpet in his unit. Rec. Doc. 46-7. On June 13,

---

[1] The Complaint alleges violation of the Federal fair Housing Act, 42 U.S.C. §§ 3601 – 3631; violation of Louisiana Civil Code Articles 2322, 2696, and 2699.

2016, after Plaintiff sought help from the Greater New Orleans Fair Housing Action Center, staff attorney Peter Theis sent a letter to Defendant on Plaintiff's behalf. Rec. Doc. 46-8. A final letter was written by Plaintiff to Defendant on July 5, 2016, after Plaintiff's attempt to renew his lease was denied. Rec. Doc. 46-9.

After retaining counsel Plaintiff sent a demand letter to Defendant on April 21, 2017, requesting compensation for damages within ten (10) days of receipt of the letter. Rec. Docs. 16 at 4 and 13-1 at 4. After no response to the demand letter, Plaintiff filed suit in this Court on June 27, 2017. Rec. Doc. 1.

**LAW AND ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

Defendant's Motion for Partial Summary Judgment seeks dismissal of "any clams based on alleged violations that occurred before June 25, 2015." Rec. Doc. 45-1 at 2. With little to no support, Defendant contends that "[i]n paragraphs 15, 16, and 17 of his 'Complaint' plaintiff alleges acts in violation of the 42 U.S.C. 3601, et. seq., which he claims occurred in November, 2014 and January 2015." Rec. Doc. 45-2.

42 U.S.C. § 3613 provides that:

> (1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence **or the termination of** an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A)(emphasis added).

The Supreme Court has concluded that "where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within 180 days of the last asserted occurrence of that practice." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982). Defendant's request for partial summary judgment ignores the continuing nature of the violations alleged by Plaintiff. The November 2014 and January 2015 claims alleged by Plaintiff involve the Defendants alleged failure to remove carpet

from Plaintiff's rental unit, as well as other requested maintenance. Plaintiff's subsequent alleged violations in 2016 also involve the **same** carpeting and maintenance issues. As a result, the claims that Defendants seek to dismiss are not discrete acts of discrimination as they are continuing violations thereof. Accordingly, Defendant's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2018.

SENIOR UNITED STATES DISTRICT JUDGE