UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL WILLIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-06199** |
| **FIRST EMANUEL HOMES OF NEW ORLEANS** | **SECTION: "B" (4)** |

## ORDER

Before the Court is Defendant, First Emmanuel Homes of New Orleans's **Opposed Motion for Leave to File Counterclaim (R. Doc. 43).** The motion is opposed. R. Doc. 47. A reply to the opposition was also filed. R. Doc. 54. The motion was heard on the briefs.

### I.   **Background**

This litigation was filed by Plaintiff, Kendall Willis, against Defendant, First Emanuel Homes of New Orleans. R. Doc. 1. Plaintiff states that he leased a residential property from the Defendant. The Plaintiff contends that in November of 2014 and January of 2015 he notified the Defendant that his disability requires his residence to be free from carpeting to prevent falls, requested it be removed, provided doctor's notes, but the Defendant ignored the requests. Plaintiff alleges in May of 2015 he sent a letter to the property manager asking when his requests for carpet removal would be accommodated, which was again ignored.

Plaintiff alleges he wrote the Defendant on May 15, 2015 informing it about and requesting it to attend to a hazardous electrical condition within the apartment—a wall outlet that sparked when it was touched or moved. Plaintiff states he mentioned his fear that the outlet would cause an electrical shock or fire, but no repairs were made.

Plaintiff contends he hired Peter Theis of the Greater New Orleans Fair Housing Action center to assist him with dealing with the Defendant. He states on June 23, 2016, Mr. Theis

contacted the Defendant regarding the failure to comply with the Fair Housing Act and refusal to make reasonable accommodations for Plaintiff's disability. Plaintiff contends a follow-up communication was sent on July 5, 2016, but no response was received to either communication, the carpet was not removed, and Plaintiff was not moved to a unit without carpeting.

Plaintiff alleges that on or about November 22, 2016, his apartment was destroyed by an electrical fire which occurred through no fault of his own. He states that the New Orleans Fire Department report indicates the fire was the result of an electrical overload. Plaintiff alleges that the report also states the residence had no working smoke alarms. Finally, Plaintiff states he attempted to renew his lease, but Defendant refused and provided no reason for doing so.

Plaintiff alleges that the Fair Housing Act, Title 42 U.S.C. §§ 3601-3631, was violated because Defendant was unreasonable when it failed to make accommodations for Plaintiff's disability, failed to respond to communications regarding accommodations, and forced Plaintiff to live in a unit with carpet despite being provided with medical documents describing this as a dangerous condition. Plaintiff also alleges the Defendant violated La. C.C. art. 2322 which requires owners to be answerable for damages caused by neglect to repair or when the damage is a defect in original construction and therefore Defendant is liable for the destruction of Plaintiff's property by fire though its negligent maintenance of the property. Finally, Plaintiff alleges violations of La. C.C. arts. 2696 and 2699 for breach of an implied warranty against vices and defects on the leased property and that there was no waiver of this warranty in the lease between the parties.

The instant motion was filed by the Defendant seeking leave to file a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a). Defendant argues that the

counterclaim sets forth it right to obtain payment and/or offset for damages caused by the fire that is subject of the Plaintiff's claim. It argues the fire was caused by the Plaintiff rendering him liable in tort and breach of contract. It also seeks attorney's fees for a meritless FHA claim. Defendant argues that the counterclaim is being timely filed pursuant to the District Court's scheduling order.

The Plaintiff opposes the motion. R. Doc. 47. He argues that a compulsory counterclaim is waived unless it is set forth in the answer under Federal Rule of Civil Procedure 13. Further, the Plaintiff argues that situation that gave rise to this litigation has not changed and the Defendant has not derived any new information about the claims it attempts to assert in the counterclaim. Defendant argues that the failure to follow the federal rules by answering without asserting a counterclaim means it has waived its right to assert that claim.

In reply, the Defendant argues that Federal Rule of Civil procedure 15(a) specifically allows for the proposed counterclaim when the scheduling order provides for the deadline by which to file counterclaims. In addition, Defendant argues that Rule 13 does not cite the proposition Plaintiff relies on and the Committee Notes to the Federal Rules governs amendment to pleadings and that the abrogation of Rule 13(f) in 2009 established Rule 15 as the sole rule governing the amendment of a pleading to add a counterclaim.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be

decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n.,* 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

### III.    Analysis

As an initial matter the District Court issued a scheduling order in this case stating that "[a]mendments to pleadings, third-party actions, cross-claims and counterclaims shall be filed no later than April 13, 2018." R. Doc. 41. The instant motion for leave to file a counterclaim was filed into the record on April 13, 2018, therefore, it was filed within the deadline set by the District Court. As a result, this Court is only required to apply the Rule 15(a) analysis to the amendment of pleadings to the counterclaim at issue.

Further, whether a counterclaim is compulsory is when: "(1) ... the issues of fact and law raised by the claim and counterclaim largely are the same; (2) ... *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) ...

4

substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; [or] (4) ... there is [a] logical relationship between the claim and the counterclaim." *Park Club, Inc. v. Resolution Trust Corp.,* 967 F.2d 1053, 1058 (5th Cir.1992).

In this action the Plaintiff alleges that Defendant violated La. C.C. art. 2322 because Plaintiff notified the Defendant of a problematic outlet, that outlet subsequently caused a fire, and the fire destroyed the Plaintiff's property. He also alleges that Defendant breached the implied warranty against vices and defects on the leased property. Further, Plaintiff alleges violations of the Fair Housing Act.

The counterclaim seeks to assert that Plaintiff breached the lease agreement and operated the electrical outlet negligently and in such a way that it created a risk of electrical overload and fire, a fire resulted damaging the Defendant's property, and finally that the FHA claim is without merit and therefore Plaintiff is liable for attorney's fees.

The Court notes that the issues of fact and law of the claims and counterclaims are largely the same, substantially the same evidence will support or refute the Plaintiff's claim as well as the Defendant's counterclaim, and there is a logical relationship between the claims and counterclaims. As such, the Court finds that the counterclaims asserted are compulsory pursuant to Rule 13(a).

This case is before Judge Lemelle who has previously noted:

Defendants seek leave to file a Compulsory Counterclaim under Fed. R. Civ. P. 13(a). In accord with amendments to Rule 13 that took effect on December 1, 2009 and the Advisory Committee Notes following Rule 13, "an amendment to add a counterclaim will be governed by Rule 15." S*ee* Fed. R. Civ. P. 13. Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." S*ee* Fed. R. Civ. P. 15(a)(2).

5

*Advocate Fin., LLC v.* Schmidt, 2010 WL 2867906 (E.D. La. July 19, 2010); *See also Ntakirutimana v. CHS/Comm. Health Sys., Inc.*, 2011 WL 13135654 (S.D. Tex. July 19, 2011).

The crux of the Plaintiff's opposition to the instant motion is that compulsory counterclaims not set forth in an answer are waived. However, the Court finds this argument unpersuasive. First, Judge Lemelle and other courts apply Rule 15 as the standard for seeking leave to file a compulsory counterclaim. Second, the case cited by the Plaintiff in support of their proposition that a compulsory counterclaim is waived unless asserted in the answer is from 1990 and from the Seventh Circuit. *See Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357 (7th Cir. 1990). The 2009 Advisory Committee Notes to the 2009 Amendment to Rule 13 clearly states that Rule 15 governs the amendment of a pleadings to add a counterclaim. As such, the Court will apply the Rule 15(a) analysis to the motion for leave to file counterclaim in this matter.

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court does not find undue delay, bad faith, or dilatory motive with respect to the proposed counterclaim. The District Court set a deadline that amendments to pleadings, third-party actions, cross-claims and counterclaims shall be filed no later than April 13, 2018. The instant motion for leave to file a counterclaim was filed pursuant to the District Court's scheduling order. Defendant states it did not bring the counterclaim as promptly as possible in order to help facilitate possible settlement discussion. The timely filing as well reason given for the delay in filing do not indicate undue delay, bad faith, or dilatory motive. Further, the Court finds that the counterclaim would not impose any unwarranted burdens on the Court.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

A review of the record shows that this is the first time the defendant has attempted to file a counterclaim in this action. As such, it is not being filed to cure prior defects in earlier counterclaims. The Court, therefore, finds that the second factor weighs in favor of amendment.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery,*

7

*Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The proposed counterclaim alleges that the Plaintiff, Kendall Willis, engaged in conduct that was both negligent and breached the lease agreement. It alleges the Plaintiff operated the electrical outlet in the kitchen of the apartment in such a way that it created a risk of electrical overload and fire. Defendant states that a fire did occur causing damage to the defendant's property and therefore Plaintiff is liable in tort and breach of contract for those damages.

Finally, defendant contends the Federal Fair Housing Act claim is without merit and therefore Plaintiff is liable for attorney's fees under the statute. These counterclaims do not fundamentally alter the nature of the case, they are essentially defensive in nature and a means to minimize the Defendant's exposure, and discovery is still on-going. As such, this factor weighs in favor of amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The Court finds that the counterclaim are not facially futile.

Based on the Court's evaluation of the Rule 15 factors the Court finds the motion for leave to file counterclaim is granted.

### IV. Conclusion

**IT IS ORDERED** that the Defendant's **Motion for Leave to File Counterclaim (R. Doc. 43) is GRANTED.**

New Orleans, Louisiana, this 26th day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**